# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Pearlie Boyd, Alberto Camacho, Dieisha Hodges, Monic Serrano, Sienna Guerrero-Brown, Stephanie Puckett, Genna Unley, Connie Wilson, Cami McEvers, Laurie Cahill, Harmony Deflorio, Joslyn Sanders, Marsha Solmssen, and Jessica Brodiski individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>Target Corp.,<br><br>        Defendant. | Case No. 0:23-cv-02668-KMM-DJF<br><br>**PROTECTIVE ORDER** |

This matter is before the Court on the parties' Stipulation for Protective Order ("Stipulation") (ECF No. 80). The Court **APPROVES** the parties' Stipulation **IN PART**[1]. Based on the Stipulation and for good cause shown, the following shall govern discovery in this case:

    1.    In connection with discovery proceedings in this action, any party may, by written notice, or by a statement on the record at a deposition, designate any document, testimony, answer to interrogatories or other information or discovery material that the party in good faith believes to be confidential, commercial, or financial information not previously made available to the public as "Confidential" (such designated information, "Confidential Information") under the terms of this Protective Order. The provisions of this Protective Order also shall apply to any non-party who provides testimony, documents or information in such discovery proceedings and who agrees to be bound by the terms of this Protective Order. References to a "party" or "parties" herein shall

---

[1] Material modifications to the parties' proposal are highlighted for ease of reference.

also include such non-parties.  Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Protective Order.

2. Any documents, material or information to be designated "Confidential" or "Attorneys' Eyes Only" may be so designated by stamping the documents, material or information with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to their production. Stamping such a legend on the cover of any multi-page document shall not mean that the entire document is "Confidential" or "Confidential – Attorneys' Eyes Only." Rather, the producing party shall so designate all pages of such document that are "Confidential" or "Confidential – Attorneys' Eyes Only." Failure to include or provide such designation at the time of production shall not constitute a waiver of confidentiality. Instead, should a producing party discover that it has produced material that it believes is properly eligible for a confidentiality designation, without affixing or providing the appropriate confidentiality designation, the producing party may notify all parties, in writing, of the error, identify (by Bates number or other individually-identifiable information) the affected documents, and provide the appropriate confidentiality designation. Thereafter, the material so designated or re-designated will be treated as protected material. Within five (5) business days after providing such notice, the producing party shall, in the case of documents, provide marked re-labeled copies of the materials to each receiving party that will reflect the changed confidentiality designation. The receiving party will replace the incorrectly designated materials with the newly designated materials and will destroy or return the incorrectly designated materials within five (5) business days of receiving the newly designated or re-designated materials.

3. In the event counsel for the party receiving documents, material, or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" objects to such designation

of any or all of such items, said counsel shall advise the party producing the items (the "producing party") of such objections and the reasons for said objections. If the producing party objects to the proposed de-designation, all the items shall be treated as Confidential Information pending a resolution of the parties' dispute, and it shall be the obligation of the party receiving the items designated as "Confidential" to obtain a prompt hearing before this Court with respect to the propriety of the designation. It shall be the burden of the producing party to justify to the Court the basis for the designation. In the event that the receiving party seeks such a hearing, the producing party will cooperate in obtaining a prompt hearing with respect thereto.

4. If any party wishes to use or inquire at any deposition concerning any Confidential Information, the portion of the deposition transcript that relates to such Confidential Information may be designated as "Confidential" and subject to the confidentiality provisions hereof. The burden of making such designation shall be on the party whose Confidential Information was used. Such designation shall be made in writing, identifying the pages designated "Confidential," no later than fourteen (14) days after receipt of the deposition transcript, during which time all parties shall treat any portion of the deposition transcript that relates to any Confidential Information as Confidential Information.

5. Documents or material (including portions of deposition transcripts) designated as "Confidential" or information derived solely therefrom, may only be disclosed or made available by the person or entity receiving such information to "Qualified Persons," who, in the case of documents, material or information designated as "Confidential" are defined to consist solely of:

    (a)    The Court (at any trial or oral hearing and in the manner provided by paragraph 9 hereof);

    (b)    Counsel (including "in-house" counsel) to the named parties to this Litigation (qualifying outside counsel must be employed by a law firm with at least one attorney whose appearance has been formally

entered on the docket) and the paralegal, clerical and secretarial staff employed by such counsel;

(c) Court reporters;

(d) Any witness during the course of that witness's deposition or testimony at trial, subject to such restrictions as the Court may impose at trial, if any;

(e) Experts and/or advisors consulted by the named parties or their counsel in connection with this Litigation, whether or not retained to testify at trial; <u>provided</u> that prior to any such disclosure counsel for the party making the disclosure shall deliver a copy of this Protective Order to the expert and/or advisor, shall explain its terms to the expert and/or advisor, and shall secure the signature of the expert and/or advisor on a certification in the form attached hereto as **Exhibit A**. It shall be the further obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any expert and/or advisor, promptly to notify opposing counsel of such breach or threatened breach;

(f) The named parties to this Litigation, and current or former members, managers, and employees of the named parties to each of whom disclosure is deemed necessary to aid counsel in the prosecution and defense of this Litigation;

(g) In the case of documents, any person who authored or received the document(s) or whose conduct or communications are substantially described in the document, provided that such persons are apprised of this Order and execute the certification in the form attached hereto as Exhibit A;

(h) Any special master, mediator or arbitrator engaged by the parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in the above-captioned case;

(i) Clerical and litigation support personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Discovery Material designated "Confidential," to the extent reasonably necessary; and

(j) Any other person as to whom the producing party agrees in writing prior to disclosure.

6. Documents or material (including portions of deposition transcripts) designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or information derived solely therefrom, may only be disclosed to or viewed by:

    (a) Persons consistent with paragraphs 5(a)-(c), (e), and (g)-(j) above;

    (b) For any other person, the Parties agree to meet and confer in advance of the use of such document. Should the Parties not reach agreement, the Parties may bring the dispute before the Court.

7. Documents and materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" or information derived solely therefrom, shall be used by the person receiving them only for the purposes of prosecuting, defending, preparing for and conducting this Litigation, and for no other purpose whatsoever. A violation of this section can expose a party or its counsel to disqualification and sanctions as ordered by the Court.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained lawfully by such party or witness independently of the discovery proceedings in this Litigation, whether or not such documents or information are also obtained through discovery proceedings in this Litigation.

9. If documents and material (including portions of deposition transcripts) designated as "Confidential" or information derived solely therefrom, are to be included in any papers to be filed in Court, such papers shall be labeled "Confidential -- Subject to Court Order" ==and filed pursuant to Local Rule 5.6==.

10. Each person who is given access to documents, material or information designated "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms hereof shall be advised that the documents, material, or information are being disclosed pursuant to and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms

hereof. The burden of rendering such advice shall be on: (a) that party's counsel if the recipient is a party to this litigation; (b) the party or counsel providing the designated materials, if the recipient is not a party to this litigation at the time the materials are provided. Subject to the parties' (and their counsel's) compliance with the foregoing portions of this Paragraph, neither party (nor their counsel) shall be culpable for any violation of this Order by any non-party. The Court shall retain jurisdiction to address any violations of this Order by any person or entity.

11. Complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material, or information contain or reflect currently valuable proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular documents, item of material, or piece of information should be subject to the terms of this Order; or (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular documents, item of material, or piece of information.

12. If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms in this Order; and (d) request such person or persons to execute a certification in the form of Exhibit A.

13. Nothing herein shall be deemed to waive any privilege recognized by law. Nothing herein shall be deemed an admission as to the admissibility in evidence of any Confidential Information.

14. Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) calendar days after the final termination of this Litigation, including all appeals, the receiving party shall engage in commercially reasonable efforts to destroy or return to the producing party all documents or material designated as "Confidential" and all copies thereof (except as otherwise saved on backup tapes or required by the Rules of Professional Conduct to be retained, and outside counsel for each party may maintain in its files pleadings, briefs and other documents filed with the Court and deposition transcripts and exhibits, provided that all such documents otherwise remain subject to the terms of this Protective Order).

15. Nothing in this Order shall be construed to prohibit a party from producing documents, material, or information designated as "Confidential" in its possession pursuant to a subpoena or other legal process <u>provided that</u> the party in possession of such documents, materials, or information, if subpoenaed, shall give notice of such subpoena to the originally producing party as soon as reasonably possible and, in any event within five (5) days after receiving such subpoena. The subpoenaed party shall not produce any of the producing party's Confidential Information for a period of at least five (5) days after providing the required notice to the producing party. If, within five (5) days of receiving such notice, the producing party opposes production of its Confidential Information pursuant to the subpoena, the subpoenaed party shall reasonably cooperate with the producing party in seeking to quash such subpoena and shall not thereafter produce such documents, material or information pursuant to the subpoena except pursuant to a court order requiring compliance with the subpoena.[2]

16. All claims of privilege and/or work product protection must be made in accordance with Fed. R. Civ. P. 26(b)(5). The parties agree it shall not be necessary to include on any privilege

---

[2] Paragraph 16 of the proposed protective order (ECF No. 81) deleted.

log communications exclusively among any party and counsel in this case subsequent to the filing of the initial Complaint. Moreover, pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of a privileged document ("Inadvertently Produced Document") shall not constitute a waiver of the privilege in this matter provided the criteria set forth in Rule 502 are met.

(a) In the event the producing party produces an Inadvertently Produced Document, the producing party shall send a written request to the receiving party requesting return of the Inadvertently Produced Document, as well as set forth the grounds of any applicable privilege or protection against disclosure. The receiving party shall return or sequester the Inadvertently Produced Document within five (5) business days after receipt of producing party's request. The receiving party shall not use such information for any purpose thereafter.

(b) In the event that the producing party asserts privilege as to only a portion of an Inadvertently Produced Document, the producing party shall furnish redacted copies of the Inadvertently Produced Document, removing only the part(s) thereof claimed to be privileged or protected. Upon receipt of the redacted Inadvertently Produced Document, the receiving party shall return or sequester the un-redacted Inadvertently Produced Document to the producing party within five (5) business days. The receiving party shall not use such information for any purpose thereafter.

(c) If applicable, the receiving party must contest the privilege designation of the Inadvertently Produced Document within five (5) business days of the producing party's designation, during which time the receiving party shall segregate the challenged Inadvertently Produced Document in a separate file.

(d) Absent agreement between the parties that the Inadvertently Produced Document should be recovered by the producing party, the producing party shall thereafter have ten (10) business days in which to file a motion seeking recovery of the Inadvertently Produced Document, unless otherwise agreed. A producing party's failure to make a timely motion shall be deemed a waiver of all privilege claims only as to that particular Inadvertently Produced Document.

(e) Neither the challenged Inadvertently Produced Document nor any of its contents shall be used, disclosed or referred to for any purpose until the motion is decided or the time for filing such motion has passed and no motion has been filed, except that: (i) the challenged Inadvertently Produced Document may be filed by any party with the Court under seal for in camera review; and (ii) if the contents of the challenged Inadvertently Produced Document are relevant to the Court's determination, any party may also refer to the contents in its motion or related brief, provided that the motion and brief are also filed under seal and not disclosed to others.

17. All of the parties are bound by the terms of this Stipulation and Order, and this Stipulation and Order may not be modified in any manner, except by the written consent of each and all of the parties.

**IT IS SO ORDERED.**

Dated: January 14, 2025                         *s/ Dulce J. Foster*
                                                                Dulce J. Foster
                                                                United States Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Pearlie Boyd, Alberto Camacho, Dieisha Hodges, Monic Serrano, Sienna Guerrero-Brown, Stephanie Puckett, Genna Unley, Connie Wilson, Cami McEvers, Laurie Cahill, Harmony Deflorio, Joslyn Sanders, Marsha Solmssen, and Jessica Brodiski individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>Target Corp.,<br><br>  Defendant. | Case No. 0:23-cv-02668-KMM-DJF |

**LIMITED SPECIAL APPEARANCE AND AGREEMENT FOR ACCESS
TO CONFIDENTIAL DOCUMENTS AND INFORMATION**

I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order entered by the Court in the above-captioned matter on the _____ day of _____, 2025. I understand the terms of the Court's Order and under oath consent to be bound by the terms of the Court's Order as a condition to being provided access to confidential documents and information furnished by _____. By executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Court's Protective Order.

10

I hereby declare under the penalty of perjury under the laws of the United States of America that the above statements are true and correct.

Dated:_____        By:      _____

                                       Name:   _____

                                       Title:     _____

                                       Affiliation:   _____

                                       Address:   _____