UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pearlie Boyd, Alberto Camacho, Dieisha Hodges, Monic Serrano, Sienna Guerrero-Brown, Stephanie Puckett, Genna Unley, Connie Wilson, Cami McEvers, Laurie Cahill, Harmony Deflorio, Joslyn Sanders, Marsha Solmssen, and Jessica Brodiski individually and on behalf of all others similarly situated, | No. 23-CV-02668 (KMM/DJF) |
| Plaintiffs, | **ORDER** |
| v. | |
| Target Corp., | |
| Defendant. | |

This is a consumer-fraud action brought against Defendant Target Corp. ("Target"), a national retailer headquartered in Minnesota, by a group of 14 named plaintiffs on behalf of a putative nationwide class ("Plaintiffs"). Plaintiffs allege that Target has deliberately misled consumers by labeling certain products in its stores as being "Target Clean," when such products are in fact "unclean." ECF 1 (Complaint ("Compl.")) ¶ 1. This Court previously denied a motion to dismiss (ECF 24) and a motion to strike (ECF 18) by Target. Before the Court are two new motions: Target's Motion to Certify Order For Interlocutory Appeal (ECF 51) and its Emergency Motion to Stay (ECF 58). For the reasons that follow, both motions are **DENIED**.

1

I. **Background**

The factual allegations in Plaintiffs' Complaint are discussed in detail in this Court's Order (ECF 44 ("the Order")) denying Targets' previous motions to dismiss and to strike, and will not be repeated here. In short, Plaintiffs allege that a Target retail program dubbed "Target Clean" makes various representations to consumers, including that certain beauty products on its shelves are "free from 'commonly unwanted' chemicals or ingredients" and "'formulated without ingredients [consumers] may not want.'" Compl. ¶¶ 2, 14. Plaintiffs allege that these representations are false and/or misleading, and they assert several causes of action deriving under statutory and common law.

Target moved to dismiss the Complaint and to strike a number of its allegations. The Court denied those motions. Target now moves to certify interlocutory appeal of the Order denying its motion to dismiss and moves for an emergency stay of the litigation during the pendency of the Court's consideration of its motions and, if an appeal is allowed, during the pendency of any subsequent appeal. The Court took these motions under advisement, but informed the parties that it would not stay the litigation during its own consideration of the request for interlocutory appeal. Since then, the parties have proceeded into the initial stages of discovery. *See, e.g.*, ECF 80 (Stipulation for Order on ESI); ECF 83 (Protective Order).

II. **Legal Standard**

"[A] denial of a motion to dismiss for failure to state a claim is not a final appealable order." *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996). However, this court has discretion to certify an otherwise non-final order for interlocutory appeal under 28 U.S.C.

§ 1292(b). The Court's discretion is reserved only for "'extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases.'" *Fair Isaac Corp. v. Fed. Ins. Co.*, 729 F. Supp. 3d 884, 891 (D. Minn. 2024) (quoting *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008); *see also Mathers v. Wright*, 636 F.3d 396, 398 (8th Cir. 2011) (internal citation omitted) ("[A denial of a motion to dismiss] may be appealed . . . if certain conditions enumerated in . . . 28 U.S.C. § 1292(b) have been met."). "Section 1292(b) establishes three criteria for certification: the district court must be 'of the opinion that' (1) the order 'involves a controlling question of law'; (2) 'there is substantial ground for difference of opinion'; and (3) certification will 'materially advance the ultimate termination of the litigation.'" *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (quoting *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979)). "A question of law 'refers to a purely, abstract legal question' and not to 'the application of settled law to a specific set of facts.'" *Berkley Reg'l Ins. Co. v. John Doe Battery Mfr.*, No. 20-CV-2382 (WMW/DJF), 2023 WL 4864277, at *2 (D. Minn. July 31, 2023) (quoting *Watkins Inc. v. McCormick & Co., Inc.*, 579 F. Supp. 3d 1118, 1121 (D. Minn. 2022)).

**III.  Discussion**

Target's motion is denied. In its briefing on the motion for interlocutory appeal, Target attempts to frame the issue decided by this Court on the motion to dismiss as a purely legal question, and a novel one: "Whether the reasonable consumer test should be applied differently to a retailer's labeling of multiple products under a company-specific program compared to representations made by a manufacturer of a single product?" ECF

53 (Mem. in Supp. of Mot. for Interloc. App.) at 2). But that question is neither directly implicated by this Court's Order, nor does it underlie the Court's ruling.[1] This Court did not modify the "reasonable consumer test" or apply it "differently."[2] To the contrary, the Court applied only the prevailing legal standard governing motions for dismissal under Rule 12(b)(6). As the Order noted, this standard requires a court to "assume the facts in the complaint to be true and take all reasonable inferences from those facts in the light most favorable to the plaintiff." Order at 8. The Court was required to assess only whether the complaint contained enough facts with enough specificity to "state a claim to relief that is plausible on its face" and "to raise a right to relief above the speculative level." *Id*. at 7 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). As discussed below, the "reasonable consumer test" informs the Court's plausibility analysis, but it does not subsume the usual application of the Rule 12(b)(6) standard. The fact that Target disagrees with the Order's application of the Rule 12(b)(6) standard to the facts alleged in the Complaint is not a basis for interlocutory appeal.

---

[1] Because the Court finds that Target has failed under the first prong of *White*, it declines to address whether Target has satisfied the remaining two requisite showings for an immediate appeal. *See Fair Isaac Corp.*, 729 F. Supp. 3d at 892 (explaining that because the movant did not meet its "heavy burden" to establish one prong of § 1292's "conjunctive test" that alone was "sufficient reason to deny certification").

[2] The Court acknowledges that, on at least one occasion, its Order may be fairly interpreted as declining to consider the "reasonable consumer test" at all. *See, e.g.*, Order at 14 ("[T]he Court concludes that too many factual issues require development before any determination can be rendered as to whether a reasonable consumer could be deceived as alleged in the Complaint."). This suggestion does not capture the Court's intent, and further reading of the Order makes clear that the Court did ultimately apply the test by scrutinizing the plausibility of the allegations in the Complaint and finding they had met the threshold necessary to survive dismissal.

Fundamentally, Target takes aim at the Court's reckoning with the factual comprehensiveness of Plaintiffs' allegations, and in particular, the unique and uniquely expansive nature of the alleged misrepresentations made through the Target Clean program. In the Order, the Court observed that Plaintiffs' fraud and consumer protection claims require that Target's representations would deceive a "reasonable consumer." *Id*. at 12. Indeed, on a motion to dismiss, courts assess whether a plaintiff has plausibly alleged that a reasonable consumer would be deceived by a given representation; if they have not done so, dismissal is proper. *See Song v. Champion Petfoods USA, Inc.*, 27 F.4th 1339, 1343 (8th Cir. 2022) ("*Song II*") ("'[A] label is not deceptive as a matter of law when the plaintiff's interpretation is so facially illogical, implausible, or fanciful that no reasonable consumer would think it—and [] dismissal is warranted in those circumstances.'") (quoting *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 493 (7th Cir. 2020) (J. Kanne, concurring)). Giving every reasonable inference in their favor, the Court concluded that Plaintiffs' allegations about a reasonable consumer's deception by the Target Clean representations were just that—plausible.

In reaching that determination, the Court acknowledged, and will now once more observe, that other courts have reached other conclusions when undertaking the same analysis in other cases. *See id*. at 18–20 (discussing holdings dismissing consumer fraud claims in, e.g., *Chin v. Gen. Mills, Inc.*, No. 12-cv-2150 (MJD/TNL), 2013 WL 2420455, at *9 (D. Minn. June 3, 2013), *Song v. Champion Petfoods USA, Inc*., No. 18-cv-3205 (PJS/KMM), 2020 WL 7624861, at *5 (D. Minn. Dec. 22, 2020) ("*Song I*"), and *Devane v. L'Oreal USA, Inc.*, No. 19 Civ. 4362 (GBD), 2020 WL 5518484, at *4–5 (S.D.N.Y. Sept.

14, 2020)). But that does not mean that this Court has departed from any prevailing legal standard. Again, because Plaintiffs allege that the Target Clean representations are likely to deceive a reasonable consumer (*see, e.g.*, Compl. ¶¶ 252, 265), the question for this Court, just as for the *Song I*[3], *Chin*, and *Devane* courts, was whether those allegations were plausible on their face to survive a Rule 12 challenge.

In reviewing the cases cited by Target the Court observed that many involve the alleged deceptiveness of simple, well-known, and concrete representations printed on product labels by the manufacturers of those products. Such allegations are subject to certain, unavoidably practical considerations. First, as Target correctly noted in its briefing on its motion to dismiss, courts in these kinds of cases often find that a reasonable consumer is not plausibly misled by routine "puffery" representations, such as "natural." *See Song I*, 2020 WL 7624861, at *9 (defining "non-actionable puffery" as "[g]eneral or vague statements about a product's value"). Second, the Court observed that claims attached to products in these cases are often capable of being immediately verified, or at least closely scrutinized, by other information printed on the very same product. *See Devane*, 2020 WL 5518484, at *4–5 (dismissing "keratin" shampoo lawsuit where "a simple reading of the ingredients list would have made it clear that the Products do not contain keratin").

---

[3] Indeed, Target relies heavily on *Song*, especially the Eighth Circuit's affirmation of the district court's dismissal of claims based on the conclusion that a reasonable consumer would not have been misled by the representations alleged in that matter. But a review of that appellate decision makes abundantly clear that the standard of review is not an appellate assessment of whether or not a consumer would be deceived by a representation, but rather whether the pleadings plausibly alleged that they would under Rule 12(b)(6). *See Song II*, 27 F.4th at 1343.

6

But the allegations in this case are quite different. For one, Plaintiffs assert that Target Clean is not a simple representation but a programmatic claim, involving a mark of approval applied to hundreds of products that Target sells, in differing and sometimes conflicting ways. This allegation, which is not present in the cases cited by Target, is disputed. But on a motion to dismiss, the Court does not resolve factual disputes in the movant's favor.[4] In another distinguishing example, Plaintiffs maintain that Target has leveraged its goodwill and authority as a prominent, nationwide retailer to elevate certain products over others under the "Target Clean" designation. The Court observed that a reasonable inference from this allegation is that "Target Clean" would not be perceived by a reasonable consumer as simply non-actionable puffery because the claim embodied by the representations speaks as much to Target's scrutiny and discernment in distinguishing products that may be called "Target Clean" as it does to the "clean" value of any one product. Finally, and relatedly, Plaintiffs contend that Target has positioned itself as a semi-neutral party and communicated that the Target Clean program's purpose is to curate a selection of "better for you" products for consumers. The Court concluded that a reasonable inference from this allegation is that a reasonable consumers would believe that Target intended to remove the burden of label-checking individual product claims that has doomed allegations in other cases.

---

[4] To be sure, the Complaint raises these allegations beyond the speculative label by attaching demonstrative photographs, allegedly taken inside a Target retail store, which purportedly shows different styles and manners of labeling on shelves and aisle displays, as well as screen grabs describing the Target Clean program on Target's website. *See, e.g.*, Compl. ¶¶ 5, 8, 105, 109.

Contrary to Target's assertion in the pending motion, the Court's observations about the Complaint, and the factual assertions about Target and Target Clean contained therein, did not result in the legal framework being applied "differently" simply because Target is a retailer. Given the unique allegations[5] at hand, the Court applied the appropriate Rule 12(b)(6) lens: it drew all reasonable inferences from the facts alleged in the light most favorable to the Plaintiffs, and it concluded that Plaintiffs had plausibly alleged that a reasonable consumer would be misled by the representations identified in the complaint. Target may strongly disagree with that decision, and it may continue to do so going forward, but the decision is nevertheless not one that is appropriate for interlocutory appeal. *Hazelden Betty Ford Found. v. My Way Betty Ford Klinik, GmbH*, No. 20-cv-409 (JRT/TNL), 2021 WL 3711055, at *3 (D. Minn. Aug. 20, 2021) ("The application of law to facts . . . does not present the type of purely legal question that is appropriate for certification under § 1292.").

---

[5] To be sure, Target cites to two other consumer-deception cases involving "clean" cosmetic claims in which courts have granted motions to dismiss. These are *Lizama v. H&M Hennes & Mauritz LP*, No. 4:22 CV 1170 RWS, 2023 WL 3433957 (E.D. Mo. May 12, 2023) and *Finster v. Sephora USA Inc.*, No. 6:22-cv-1187, 2024 WL 1142014 (N.D.N.Y. Mar. 15, 2024). It cannot be fully determined from these orders whether the facts alleged in those cases are truly analogous to those alleged here, and in any event, neither outcome is binding on this Court. Simply put, this Court's decision to go a different way than the *Lizama* and *Finster* courts on a Rule 12(b)(6) motion is not a reason to grant Target interlocutory appeal.

## IV. Order

For the foregoing reasons, Target's Motion to Certify Interlocutory Appeal [ECF 51] is **DENIED**, and Target's Emergency Motion to Stay [ECF 58] is **DENIED AS MOOT.**

Date: January 30, 2025                             *s/ Katherine M. Menendez*
                                                                Katherine M. Menendez
                                                                United States District Judge