UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pearlie Boyd, Alberto Camacho, Dieisha Hodges, Monic Serrano, Sienna Guerrero-Brown, Stephanie Puckett, Genna Unley, Connie Wilson, Cami McEvers, Laurie Cahill, Harmony Deflorio, Joslyn Sanders, Marsha Solmssen, and Jessica Brodiski individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>Target Corp.,<br><br>                Defendant. | Civ. No. 23-cv-2668 (KMM/DJF)<br><br><br>**ORDER FOR DEPOSITION PROTOCOL** |

This matter is before the Court on the parties' *Joint Motion for Entry of Deposition Protocol* ("Joint Motion") (ECF No. 89). The parties ask the Court to review and modify their *Proposed Order for Deposition Protocol* ("Proposed Order") (ECF No. 90) as the Court sees fit. Having reviewed the Joint Motion and Proposed Order, the Court **GRANTS** the Joint Motion **IN PART**.[1] Based on the Joint Motion, the Proposed Order, and for good cause shown, the following shall govern depositions in this case:

**Depositions**

    1.    Each side[2] may take a maximum of thirty fact depositions, including Rule 30(b)(6)

---

[1] Sections addressing disputed language or containing material modifications to the parties' proposal are shaded for ease of reference.

[2] For purposes of this Order, all Plaintiffs are on one "side" and Target is on the other "side".

depositions and third-party and non-party depositions. Target reserves the right to seek the depositions of absent class members, and the parties shall meet and confer in good faith regarding any objections to the same. The Parties may notice more than one Rule 30(b)(6) deposition on separate topics, and each 30(b)(6) notice served counts as one deposition against this total. Expert depositions do not count against this total.

2.   Duration of Depositions: The duration for each deposition will be governed by Federal Rule of Civil Procedure 30(d)(1). The duration limit on 30(b)(6) testimony shall not limit the time or ability of Parties to depose a 30(b)(1) witness who is designated as a corporate representative witness on any 30(b)(6) topics.

3.   This protocol does not limit any Party's right to object to or seek a protective order with respect to any deposition noticed in the litigation.

4.   A witness may be deposed only once in this proceeding unless the Parties agree otherwise or the Court orders otherwise. This limitation will not affect the right of a Party to seek to depose as a fact witness an individual who has previously been deposed as an organizational designee pursuant to Rule 30(b)(6). Nor will this procedure affect the rights of a Party to seek an organizational designee deposition under Rule 30(b)(6) when the designee has been previously deposed as a fact witness.

**Deposition Protocols-Generally**

5.   Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all Parties electronically. Any subpoenas for deposition testimony (notwithstanding the following paragraph) shall be served on witnesses as required by law, unless service is waived or accepted by a party representative such as the witness' attorneys, and copies may be served electronically on all Parties.

6. To the extent that any witness is a former Target employee, counsel for Target shall provide the date of departure and last known address of the former employee in response to a written request from the Party intending to notice the deposition. Counsel for Target shall notify any Party noticing the deposition of a former Target employee as soon as possible as to whether counsel for Target will accept service of the notice and will be representing that witness for the deposition.

7. To the extent any proposed witness is an absent class member or potential putative class member, as the case may be, counsel for Plaintiffs shall notify Target as soon as possible as to whether counsel will accept service of a subpoena for the witness.

8. Counsel will aim to coordinate on deposition scheduling in advance of sending notices of deposition. Nothing herein precludes a Party from serving a notice of deposition following such request if dates are not agreed upon within five business days of notice of intent to depose having been given.

9. Counsel will mark exhibits sequentially within a particular deposition with the prefix being the name of the witness.

10. While each Party may have more than one counsel attend a deposition, each witness may be questioned by no more than one counsel from each Party.

11. Parties shall be deposed where they reside unless the Parties agree on an appropriate alternative location or to a remote deposition. Disputes regarding deposition location that cannot be resolved through the meet and confer process shall be decided by the Court according to the undersigned Magistrate Judge's procedures for discovery disputes (*see* ECF No. 69).

12. Given the travel costs involved, the Parties shall be flexible about completing and continuing depositions in order to avoid repeat travel. Witnesses will remain available day-to-day until their depositions have been completed, as long as that deposition does not exceed the time

3

allotted under the Federal Rules, applicable local rules, or as otherwise agreed to by the Parties or ordered by the Court.

13. Counsel noticing the deposition may elect to take any deposition remotely using video conferencing technology. Said counsel will also not oppose any request for a remote deposition when there is good cause or reasonable basis for doing so. The protocol for remote depositions is described in more detail below.

14. Regardless of location, all depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure and the Federal Rules of Evidence unless otherwise required by law.

15. Objections shall be stated concisely in a non-argumentative and non-suggestive manner. The phrase "objection, form" or "objection foundation" shall preserve all objections to the form of a question or foundation under the Federal Rules and may be used instead of making any particular objection to the form of a question or lack of specific foundation. Counsel shall avoid making speaking objections or repeating objections already preserved as to specific questions. Objections are intended to clarify and facilitate deposition testimony, not to obstruct it.

16. Objections to form or foundation should be briefly stated to permit the questioning counsel the opportunity to establish foundation or cure the form of the question if deemed necessary. Counsel should avoid making a speaking objection.

17. All objections except as to the form of the question or foundation are reserved until trial or other use of the deposition transcript.

18. Direction to the deponent not to answer are improper except on the grounds of privilege, compliance with the protective order, or to enable a Party or deponent to present a motion to the Court for termination of the deposition on the grounds that it is being conducted in bad faith

or in a such a manner as to unreasonably annoy, embarrass, harass, or oppress the Party or deponent.

19. A witness may request a break during questioning but is not permitted to take a break from the questioning to consult with counsel while a question is pending.

20. The following stipulation will apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

> Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within thirty days of receiving the transcript from the court reporter, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

Nothing in this paragraph prevents the Parties from entering into additional stipulations that they believe are necessary.

21. The following provisions will apply to the handling and signing of transcripts:

   a. The court reporter will send the original transcript by overnight mail to the witness's counsel. In the case of a third party, the court reporter will include with the transcript a postage-paid envelope with return to counsel for the noticing Party.

   b. The witness will have thirty days from receipt to review the transcript, make any changes on an errata sheet provided by the court reporter, sign the transcript under penalty of perjury, and return it to counsel for the noticing Party.

    c.    If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within thirty days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony made by the witness. Any witness who makes changes to his or her deposition transcript must, as required by Federal Rule of Civil Procedure 30(e)(2), sign a statement listing the changes and the reasons for making them.

    d.    Counsel for the noticing Party will circulate a copy of the errata sheet and signature page within seven days of receipt.

    e.    Unless otherwise agreed to in writing by the Parties, if the original transcript is not signed and returned with errata (if any) by the deadline specified above, the Parties agree that a certified copy can be used for all purposes, as if it were an executed and corrected original transcript.

    f.    Counsel for the noticing Party will maintain the original transcript and bring it to trial.

22.    The following provisions will apply to third-party depositions:

    a.    A "third-party" witness is any witness who does not have the status of a "party" under Rule 30.

    b.    Counsel will coordinate on: (i) scheduling, to avoid imposing undue burden on third parties; and (ii) resolution of any objections raised by the third party.

    c.    Third-party witnesses subpoenaed to produce documents will be served

       with the subpoena duces tecum at least thirty calendar days before the scheduled deposition. Other third-party depositions shall be noticed at least fourteen days before the scheduled deposition.

d. Any counsel who receives documents produced by a third party in response to a subpoena duces tecum will produce copies of those documents to counsel for the other party as soon as possible but no later than three business days after receiving the documents from the third party. Counsel will produce documents produced by third parties in the same format in which they were produced by the third party if the documents were produced in electronic format, or in electronic format such as pdf if the documents were produced in hard copy. All counsel who receive documents produced by a third party will use best efforts to produce these documents to opposing counsel by ftp or similar electronic means to avoid the delays involved in sending documents by overnight mail.

e. Absent agreement of the Parties or a court order allowing for additional time under Rule 30(d)(1), the subpoena-issuing Party may depose the witness for up to four hours and the non-subpoena-issuing Party may depose the witness for up to three hours. The Parties will meet and confer in good faith regarding this presumptive split of deposition time as needed. To the extent that either Party does not use its allotted time, the other Party may use the remaining time for further questioning.

23. Any matter not addressed in this Stipulation and Order is governed by the applicable provisions of the Federal Rules of Civil Procedure and Local Rules.

24.     Either Party may move the Court to modify this Stipulation and Order upon good cause shown. The parties may stipulate to further modifications, as well.

**Remote Deposition Protocol**

25.     Depositions may be noticed to take place remotely.

26.     Remote depositions shall be conducted using a remote deposition vendor that provides a remote deposition platform agreed upon by the Parties.  In the event the Parties do not agree on a remote deposition vendor after a good faith effort to do so, the noticing Party shall arrange for the taking of a remote deposition with a vendor capable of conducting a remote deposition.  To host a remote deposition, a vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition.  These security measures must include measures to allow the court reporter to admit only authorized individuals to attend the deposition, the ability to disable the "record" feature in the remote deposition platform, and end-to-end encryption.

27.     The deponent, all counsel, and any other person(s) attending the deposition (in person or remotely) shall be identified on the record at the commencement of the deposition.  If any other person joins the deposition, their appearance shall be noted on the record at the earliest practicable opportunity.

28.     For any remote deposition, the deponent, court reporter, and opposing counsel will each participate in the deposition remotely and separately.  The deponent may permit his or her counsel (and/or in-house counsel) to attend a deposition in person (i.e., in the same location as the deponent.)  No one other than the deponent's counsel (and/or in-house counsel) may be in the same room as the deponent during a remote deposition unless agreed to by the Parties in advance of the deposition.  The attorney defending the deposition may log into the remote deposition platform

separately from the deponent; however, the speaker should be turned off when there is duplicative noise or feedback. Any attorney or other individual who is: (a) in the room with a deponent during a remote deposition; (b) defending a deponent; (c) or questioning a deponent shall appear virtually by video during the course of the deposition. However, anyone in the room with the deponent, questioning the deponent, or defending the deponent shall turn on the video functionality of their device so that they are visible during the deposition for all time that is on the record.

29. The deponent shall confirm that the computer and/or other electronic devices being used for purposes of the deposition (the "Deposition Devices") shall not be used for any purpose other than the deposition while the deposition is in progress. The deponent may not use the Deposition Devices to access any communications other than communications sent via the deposition platform during the deposition. The deponent shall not access any computer or phone other than the Deposition Devices while the deposition is in progress on the record.

30. The court reporter may administer the oath or affirmation to the deponent through the remote deposition platform from a different physical location than the deponent, and such oath or affirmation shall be deemed valid and effective pursuant to applicable law to the same extent as if the oath or affirmation had been delivered in the physical presence of the deponent.

31. Pursuant to Fed. R. Civ. P. 30(b)(5), the Parties agree and stipulate that a deposition will be deemed to have been conducted "before" an officer authorized by Fed. R. Civ. P. 28 to administer oaths so long as that officer attends the deposition via the same remote means used to connect all other remote participants.

32. If the deposition notice provides that a deposition will be recorded via video and the noticing Party makes provision for doing so, the videographer shall record the remote deposition at the direction of the court reporter and shall not record the remote deposition when

the court reporter suspends it, including when the Parties go off the record. To the extent feasible, only video of the deponent shall be recorded, but audio of all participants shall be recorded, and each participant shall state their appearances. Such recording shall be deemed a record of the remote deposition to the same extent as if the recording had been made in the physical presence of the deponent. Where, during the remote deposition, the deponent and his or her counsel are in the same room, measures shall be taken to ensure that the video of the deponent is captured, audio of all participants is captured, and any feedback or technical issues are prevented.

33. So long as the requirements of this Stipulation are followed with respect to remote depositions, no Party may challenge audio or video testimony taken by remote deposition under Fed. R. Civ. P. 30(c)(1).

34. The court reporter shall prepare a written transcript that shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(f).

35. Prior to the remote deposition, the Parties shall provide the court reporter with the names and e-mail addresses of any participants, including the deponent, in the remote deposition. For those participants who seek to appear on the record, the noticing Party shall provide their information to the court reporter in advance of the remote deposition.

36. At least 24 hours prior to the date and time at which the remote deposition is scheduled to commence, the noticing Party shall provide, or shall cause the remote deposition vendor to provide, all participants with the details necessary to gain access to the remote deposition, including but not limited to any web addresses, login credentials, and hardware and software requirements.

37. It shall be each participant's, including the deponent's, responsibility to ensure their hardware, software, and internet connections are functioning properly and satisfy any required

audio and video functionalities necessary to attend the remote deposition. The remote deposition shall not commence until the deponent, the deponent's counsel, and counsel on behalf of the noticing Party confirm that they each have appropriate access to the remote deposition video and to the platform for viewing exhibits. If the deponent or counsel responsible for questioning or defending the deponent is experiencing significant technical difficulties or has been disconnected from the remote deposition, the deposition shall go off the record until such time as all connections are restored.

38. The Party noticing the remote deposition shall take steps to ensure that the deponent and opposing Party have received and can access each exhibit at the time the deponent is questioned about or otherwise presented an exhibit, whether by providing potential exhibits electronically, in hard copy, or providing access through the remote deposition platform. The Parties and the deponent must have the opportunity to view the exhibit, including each of its pages, independently without relying on any other party or participant. Exhibits marked and shown to the deponent shall be attached to the deposition record to the same extent as if the exhibits were physically marked and shown to the deponent.

39. No Party shall permit anyone who is not a participant (defined as someone who has made a formal appearance on the record with the court reporter for that deposition) to hear or view the remote deposition while it is being conducted. If someone joins the remote deposition platform while the deposition is in progress, that person must make an appearance on the record at the first opportunity possible when no question is pending.

40. No counsel or other participant shall conduct any communication with a deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted or in an attempt to resolve technical issues. Counsel defending the deponent shall not

11

communicate with the deponent off the record, including by speaking, text, hand signals, or other means, while the Parties are on the record during the deposition.

41. No one shall use any form of recording device to record the deposition during the deposition other than the designated videographer or court reporter.

42. If, during the deposition, any Party or the deponent notices that counsel taking or defending the deposition or the court reporter are no longer connected to the remote deposition platform, the deposition shall be suspended until the issue is resolved. If, during the deposition, the deponent, the questioning attorney, or the defending attorney experience technical issues preventing the participant from viewing the remote deposition video, hearing the audio, or accessing or viewing the exhibits, the participant shall promptly notify the other participants and the court reporter shall suspend the remote deposition until the technical issue is resolved.

43. The Parties shall not object to the admission of remote depositions conducted in accordance with this Stipulation at a trial on the basis that they were not conducted or recorded in person.

**IT IS SO ORDERED.**

Dated: May 20, 2025

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge