# BLANKROME

2029 Century Park East | 6th Floor | Los Angeles, CA 90067

*Phone:*      *+1 (424) 239-3465*

*Fax:*        *+1 (424) 239-3434*

*Email:*      *ana.tagvoryan@blankrome.com*

March 27, 2026

**VIA ECF**

The Honorable Katherine Menendez
United States District Court for the District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

> Re: *Boyd, et al. v. Target Corporation*, Case No. 23-cv-2668 (KMM/DJF)
> **Defendant's Request for Leave to File an Early Motion for Summary Judgment**

Dear Judge Menendez:

On behalf of Defendant Target Corporation ("Target"), and in accordance with the Court's directive (ECF 146), we respectfully submit this letter setting forth Target's request for leave to file an early motion for summary judgment under Rule 56 for both lack of subject matter jurisdiction and judgment as a matter of law for failure to raise a genuine dispute of material fact regarding her substantive claims, together with the rationale supporting that request.

One Plaintiff remains in this case, Ms. Harmony DeFlorio. There is no genuine dispute that she did not purchase the product she alleges to have purchased or any of the products identified in the Complaint. For this reason, she also lacks Article III standing, and the Court should dismiss this action for lack of subject matter jurisdiction.

## I. Background

This putative class action was filed on August 29, 2023 on behalf of fourteen named plaintiffs, alleging that Target's "Target Clean" label on thirteen specified beauty products was misleading to consumers. ECF 1. The Complaint sets forth those thirteen products and defines them for purposes of the claims, allegations and the class definition (the "Identified Products") and asserts claims for breach of express and implied warranty, fraud, negligent misrepresentation, unjust enrichment, and violations of various state consumer protection statutes on behalf of proposed nationwide class and state subclasses. The original state consumer protection statutes and state subclasses included: Alabama, Arizona, California, Colorado, Florida, Illinois, Indiana, Michigan, New Hampshire, Oklahoma, or Washington. As this Court recognized in its September 25, 2024 Order denying Target's motions to dismiss and to strike (ECF 44) (the "Order"), "[e]ach

BLANKROME

The Honorable Katherine Menendez
March 27, 2026
Page 2

of the named plaintiffs purchased one or more of a group of 14 'identified' Target Clean Beauty Products that Plaintiffs allege 'are not actually "clean" and do contain unwanted or harmful ingredients.'" Order at 5–6 (quoting Compl. ¶ 16). The Court further recognized that each named plaintiff must individually establish Article III standing. Order at 12–13, 39–40.

Since the filing of the Complaint, thirteen of the fourteen original named plaintiffs, and their corresponding claims (Counts VIII through XIX, XXI, and XXII) have been dismissed from this action by stipulation. These dismissals followed extensive discovery efforts during which Target expended substantial time and resources attempting to confirm whether the named plaintiffs were actually participating in the litigation, had served proper discovery responses, and could substantiate their alleged purchases and claimed injuries. The sole remaining named Plaintiff is Harmony DeFlorio.

Ms. DeFlorio is a resident of Ronkonkoma, New York. ECF 1 ¶ 31. The Complaint alleges that she purchased Covergirl Clean Fresh Pressed Powder from Target, in-store, from a Bohemia, New York location. *Id*. As the sole remaining named Plaintiff, Ms. DeFlorio is the only putative representative of (1) the Nationwide Class and (2) the New York Subclass. The Complaint asserted twenty-two Counts; of these, the following remain at issue as to Ms. DeFlorio: Counts I through V (Breach of Express Warranty, Breach of Implied Warranty, Fraud, Negligent Misrepresentation, and Unjust Enrichment), each asserted on behalf of the Nationwide Class; Counts VI and VII (Minnesota Consumer Fraud Act and Minnesota Uniform Deceptive Trade Practices Act), each asserted on behalf of the Nationwide Class; Count XX (Violation of New York General Business Law, N.Y. Gen. Bus. Law §§ 349, *et seq.*), asserted on behalf of the New York Subclass.

Discovery closes in this case on May 13, 2026, and motions for class certification are due June 12, 2026. ECF 123. These deadlines have already been extended three times. ECF 97, 107, 123.

**II. Request for Leave to File an Early Motion for Summary Judgment**

The Court's Order expressly preserved Target's right to seek summary judgment on multiple grounds as facts developed through discovery, noting that "the contours of this litigation will certainly narrow through the course of discovery, as theories adapt to the facts that are developed and the evidence that accrues." Order at 24. As set forth below, the undisputed record establishes that the remaining claims cannot survive summary judgment as a matter of law, and early resolution will conserve the resources of the Court and the parties. As such, good cause exists to permit Target's requested early motion.

BLANKROME

The Honorable Katherine Menendez
March 27, 2026
Page 3

### III. Statement of Rationale

Ms. DeFlorio did not purchase an Identified Product or any other product marketed as Target Clean at the time of her purchase and lacks standing. Standing is a jurisdictional prerequisite, and the absence of standing deprives this Court of subject matter jurisdiction over Ms. DeFlorio's claims. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998). As the Supreme Court has emphasized, federal courts must raise and resolve jurisdictional questions at any stage of the proceedings—including on summary judgment—and "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co.*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). A lead named plaintiff's standing in false advertising class claims requires that the plaintiff demonstrate Article III standing based on her own injury-in-fact. *In re Polaris Marketing, Sales Practices, and Products Liability Litigation*, 364 F. Supp. 3d 976 (D. Minn. 2019). And pursuant to Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Davenport v. City of Little Rock*, 142 F.4th 1036, 1041 (8th Cir. 2025) (citations omitted).

Here, the Complaint defines the proposed class as "[a]ll citizens of the United States **who purchased one of the Target Clean Identified Products** from Target within the United States." ECF 1 ¶ 16 (emphasis added). The Complaint specifically alleges that Ms. DeFlorio purchased Covergirl Clean Fresh Pressed Powder from Target in Bohemia, New York, and that the Target Clean label influenced her decision to do so. ECF 1 ¶ 31.

Earlier this month, Ms. DeFlorio unequivocally testified under oath that her allegations regarding the purchase of Covergirl Clean Fresh Pressed Powder—and her corresponding verified discovery responses confirming the same[1]—were false. DeFlorio Dep. Tr. at 248:10–24 ("Q. And based off of your review of Target's purchase records from your account, you believe that it's no longer correct that it says CoverGirl fresh powder, right? A. Yes."). At her deposition, Ms. DeFlorio admitted that she instead purchased L'Oreal Paris True Match Powder. At the deposition, her counsel sought to verbally amend her verified interrogatory responses to switch out the product at issue. *Id*. at 6:25-7:23.

---

[1] Ms. DeFlorio served multiple verified interrogatory responses—on July 21, 2025, October 10, 2025, November 3, 2025, and February 13, 2026—all consistent with the Complaint's allegation that she purchased the Covergirl product.

BLANKROME

The Honorable Katherine Menendez
March 27, 2026
Page 4

Ms. DeFlorio testified that she believes this different product—a purchase which she found in Target's transaction records produced to Plaintiff—was advertised as Target Clean at the time of the purchase January 21, 2020. *Id*. at 169:3–170:5. However, this purchase is not alleged in the Complaint, the product is not part of the Identified Products, the purchase does not form the basis of her claims, and critically, the product was *not* advertised as Target Clean at the time of her purchase.[2]

Irrespective of the stage of discovery, Ms. DeFlorio's claims are barred for lack of standing because Ms. DeFlorio's own sworn testimony establishes that she suffered no injury traceable to the Target Clean label. Where a named plaintiff did not purchase the Identified Products, standing is generally lacking because the plaintiff cannot demonstrate injury traceable to the defendant's conduct. *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025 (8th Cir. 2014). Because Ms. DeFlorio did not purchase any of the Identified Products—and the product she did purchase was not a Target Clean product—she cannot demonstrate the injury-in-fact required by Article III and this Court lacks subject matter jurisdiction. Additionally, although Ms. DeFlorio's counsel advised that they will seek to amend the Complaint to raise new claims based on her actual purchase, it is well-established that if a court "lacks subject matter jurisdiction" then "the [c]ourt cannot entertain a motion to add parties or amend the pleadings." *See e.g.*, *Minnesota Laborers Health & Welfare Fund, Minnesota Laborers Pension Fund v. Swenke*, No. CIV. 02-992(RHK/AJB), 2003 WL 21521755, at *4 (D. Minn. July 2, 2003).

Even if she had standing, Ms. DeFlorio's claims fail on the merits because without having purchased an Identified Product, she cannot prove the elements of her claims, including reliance, causation, or damages. The indisputable evidence is fatal to every remaining Count because each requires, as a threshold element, that the Plaintiff purchased one of the Identified Products bearing the Target Clean label and relied on that label in making her purchase decision.

### IV. Conclusion

The foregoing reasons support Target's request for leave to file an early motion for summary judgment and Target respectfully requests leave to do so. The undisputed record—including Ms. DeFlorio's own deposition admissions—demonstrates that the sole remaining named Plaintiff lacks Article III standing, and cannot prove the elements of her claims, including

---

[2] Since then, counsel for DeFlorio have explained that the basis for the allegation that this other product was a Target Clean product at the store in 2020 is because it is a Target Clean product today, in 2026. Critically, Target's records—which have been produced to Plaintiff—confirm that L'Oreal Paris True Match Powder was not designated as part of the Target Clean program or at any time near Ms. DeFlorio's purchases in 2019 or 2020. Moreover, Target's third-party vendor who managed the certification of beauty products for Target Clean has also independently verified that the L'Oreal Powder was not qualified for Target Clean when Ms. DeFlorio purchased the product.

BLANKROME

The Honorable Katherine Menendez
March 27, 2026
Page 5

reliance, causation, or damages. Early resolution is necessary to resolve the threshold issue of the Court's subject matter jurisdiction and to prevent the continued expenditure of resources litigating claims that are, by the Plaintiff's own admission, premised on baseless factual allegations.

We thank the Court for its consideration of this request.

Respectfully submitted,

Ana Tagvoryan
*Counsel for Defendant Target Corporation*