**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Harmony Deflorio, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Target Corp.,<br><br>　　　　　　　Defendant. | ) Case No. 0:23-cv-02668-KMM-DJF<br>)<br>)<br>)<br>) **DECLARATION OF ANA TAGVORYAN**<br>) **IN SUPPORT OF TARGET**<br>) **CORPORATION'S OPPOSITION TO**<br>) **PLAINTIFF'S MOTION FOR LEAVE TO**<br>) **FILE THE FIRST AMENDED**<br>) **COMPLAINT**<br>) |

I, Ana Tagvoryan, declare as follows:

1.　　I am an attorney with the law firm Blank Rome LLP, and am the lead attorney representing Defendant Target Corporation in this matter.

2.　　I make this declaration based upon my personal knowledge of the matters stated herein.

3.　　Attached hereto as exhibits are true and correct copies of the following documents, which are also discussed herein:

| Exhibit | Description |
|---|---|
| A | Excerpts from Transcript of Plaintiff Harmony DeFlorio's March 2, 2026 Deposition. |
| B | Plaintiffs' Initial Disclosures, dated November 14, 2024. |
| C | A chart comparing statements in Plaintiff's Memorandum of Law in support of her Motion to Amend the Complaint to the actual evidence cited and attached to the Declaration of Rachel K. Tack. |
| D | Demand Letter and Preliminary Complaint from Plaintiffs to Target, dated June 6, 2023. |
| E | PLF0000154, Plaintiffs' counsel's original social media advertisement for this case. |

| | |
|---|---|
| F | DEFL00001–7, Plaintiff Harmony DeFlorio's "Greenwashing & False Advertising Litigation Contingent Fee Agreement" with Plaintiff's counsel, dated February 13, 2023. (*Filed under seal*) |
| G | Emails from Rachel Tack to Target's Counsel concerning Plaintiffs who failed to serve written responses and objections (and/or verifications) to Target's discovery requests, and were therefore dismissing their claims, dated August 19, 2025. |
| H | Emails between Plaintiffs' Counsel and Defendant's Counsel concerning discovery and the filing of the stipulation of dismissal for Plaintiffs Cahill and Serrano, dated December 4, 2025. |
| I | Email from Target's Counsel to Chambers concerning Target's Description of Discovery Dispute, dated January 8, 2026. |
| J | Emails between Plaintiff's Counsel and Target's Counsel concerning Plaintiff Unley's Deposition, dated March 5 through March 9, 2026. |
| K | Emails between Plaintiff's Counsel and Target's Counsel Concerning Plaintiffs' Discovery Responses and Plaintiffs' Deposition Availability, dated February 25, 2026. |
| L | Emails between Plaintiff's Counsel and Target's Counsel concerning Plaintiff Hodges' deposition availability and ultimately, her dismissal, dated March 4, 2026. (*Personal privacy information redacted*). |
| M | Letter from Dr. Jordan Yoder concerning Plaintiff Hodges' ability to sit for a deposition, dated February 25, 2026. (*Filed under seal*). |
| N | Emails from my colleague Melanie S. Carter to Plaintiff's Counsel regarding discovery issues related to Plaintiff Boyd, dated March 11, 2026. |
| O | (1) Plaintiff DeFlorio's Responses and Objections to Target's First Set of Interrogatories, dated July 21, 2025, (2) Plaintiff DeFlorio's Supplemental Responses and Objections to Target's First Set of Interrogatories, dated October 10, 2025, and (3) Plaintiff DeFlorio's Second Supplemental Responses and Objections to Target's First Set of Interrogatories, dated November 3, 2025. |
| P | Plaintiff DeFlorio's Amended Supplemental Responses and Objections to Target's First Set of Interrogatories, dated February 27, 2026. |
| Q | Letter from Rachel Tack to Target's Counsel concerning discovery disputes, dated October 20, 2025. |
| R | Letter from Rachel Tack to Chambers concerning discovery updates, dated January 26, 2026. |

| | |
|---|---|
| S | Email from my colleague Fiona Steele to Plaintiff's counsel serving production of additional bi-weekly reports, dated March 30, 2026. |
| T | Target's First Set of Requests for the Production of Documents directed to Plaintiff DeFlorio, dated May 22, 2025 (representative of Target's First Set of Requests for Production served on each plaintiff). |
| U | Plaintiff Counsel's social media advertisement for additional plaintiffs as of approximately March 2026. |
| V | Email from Fiona Steele to Plaintiff's counsel concerning Target's production schedule concerning ESI, dated November 18, 2025. |

4. Thirteen of the fourteen original named plaintiffs, and their corresponding claims (Counts VIII through XIX, XXI, and XXII) have been dismissed. *See* ECF 98, 100, 114, 115, 120, 125, 140, 141, 142, 145.

5. These dismissals followed extensive discovery efforts for which Target expended substantial time and resources attempting to confirm whether named Plaintiffs were participating in the litigation, had served complete discovery responses, and could substantiate their alleged purchases and claimed injuries.

6. These efforts included repeated meet-and-confer communications, follow-up on plainly deficient discovery responses, and attempts to obtain basic proof-of-purchase and participation information necessary to secure depositions and assess standing and class viability.

7. Target repeatedly challenged the alleged fact of the purchase as to each plaintiff, including DeFlorio, including at meet and confer meetings regarding Plaintiff's discovery responses, and during the court-mandated meetings between counsel concerning settlement.

8.      As for Target's productions, the substantial completion deadline that Target sought to extend related to the production of electronically stored information (ESI), not any records specific to the Plaintiff. *See generally* **Exhibit V** (November 18, 2025 email from F. Steel to Plaintiff's counsel concerning Target's production schedule of ESI-related records after the November 18 substantial completion date).

9.      Target did not delay its productions and made document productions at each stage of the discovery process consistent with the Pretrial Scheduling Order, its modifications, and as stated to Plaintiff's counsel.

10.     Consistent with the Court's instruction at the Informal Discovery Conference held on November 17, 2025 that the parties meet and confer to agree on an appropriate and limited time period for financial and sales related productions that Plaintiff sought, the parties agreed that the relevant time period would extend to January 31, 2024.

11.     The "Identified Products" have been an intentional focus of the Complaint and basis of Plaintiff's claims.

12.     Before filing the Complaint, Plaintiff's counsel prepared and served on Target a pre-Complaint demand letter in which counsel expressly stated "We identified several products stamped with the Target Clean label that either contain banned ingredients or contain ingredients that pose the same risks as those on the Target Clean Banned Ingredients list." **Exhibit D** at 2.

13.     The demand letter further stated, **"The products we identified, collectively referred to as 'Identified Products', include [the same 'Identified Products' that are in paragraph 16 of the Complaint]."** *Id.* (emphasis added).

14. And after the pleadings were settled, Plaintiff's counsel agreed during discovery to limit the scope of information produced as to specific product details and sales numbers to the Identified Products, only.

15. Indeed, consistent with the Identified Products is Plaintiff's counsel's original social medal advertisement for this case, which they produced a copy of in discovery. **Exhibit E**, PLF0000154 at 157. Plaintiff's counsel's advertisement lists eight of the Identified Products as those being "Under Investigation." *Id*.

16. Target's responses to discovery requests seeking product and sales information, product specifications, returns, comparability analyses, and ingredient panels, as well as subpoenas to third-party vendors, and expert analyses regarding damages and consumer perception, have been limited to the thirteen Identified Products set forth in the original Complaint. *See, e.g.* **Exhibit Q** at 3 (10.20.25 Letter from R. Tack, stating that the intention to serve subpoenas on manufacturers of the makeup products identified in the Complaint); **Exhibit R** at 2 (1.26.26 Joint Letter to the Court representing, under "Resolved Issues Concerning Target's Discovery Responses" that "Target will produce sales and revenue information for the products identified in the Complaint.").

17. Plaintiff's counsel recently launched new advertisements for plaintiffs. *See* **Exhibit U** (newly launched attorney advertisements discovered by Blank Rome in March 2026).

18. Plaintiffs' November 14, 2024 Initial Disclosures state that Plaintiffs had in their possession at that time "…for inspection and copying … Materials related to Plaintiffs' purchase(s) of Defendant's product(s)." **Exhibit B**, Section II.b.

5

19.     Target therefore served discovery requests aimed at obtaining basic information from Plaintiffs supporting their claims, including Plaintiffs' records of their Target purchases, which Target served on May 22, 2025.

20.     At Plaintiffs' request, Target agreed to an extension until July 21, 2025 for Plaintiffs to serve written responses and objections.

21.     On July 21, Plaintiff's counsel contacted Target's counsel and represented that six Plaintiffs would be dismissing their claims and that counsel would be providing stipulations of dismissal. *See* **Exhibit G**.

22.     On August 5, Target's counsel had not received a drafted stipulation and followed up with Plaintiff's counsel on that issue and concerning Plaintiffs Brodiski and Cahill, who at the time had still failed to verify their interrogatory responses. *Id*.

23.     The next day, Plaintiff's counsel responded that Plaintiffs Brodiski would be dismissing her claims as well, and that counsel had been "unable to obtain [Ms. Cahill's] Docusign signature." *Id*.

24.     By the time the first stipulation of dismissal was filed on August 27, 2025, Ms. Cahill had still failed to provide a signed verification of her July 21 discovery responses. *Id*.

25.     As the Court is aware, and as was the subject of informal discovery status conferences before the Court last fall, Plaintiffs' July 21, 2025 discovery responses remained incomplete.

26.     After an October 14, 2025 status conference with the Court (ECF 103), then-remaining Plaintiffs Boyd, Camacho, Hodges, Serrano, Unley, Cahill, and DeFlorio agreed

to supplement several of their discovery responses and produce responsive documents by the first week of November 2025 (ECF 104).

27.    They also agreed that responses "must be complete as based on a reasonable inquiry and investigation, rather than "recollection." *Id.* Ultimately, Plaintiffs Serrano and Cahill still failed to provide supplemental responses and decided to dismiss their claims at the end of November. *See* **Exhibit H**.

28.    By January 8, 2026, Plaintiff Camacho had still failed to produce any responsive document other than a copy of his engagement letter, despite agreeing (through counsel) to produce responsive documents by the first week of November. *See* **Exhibit I**.

29.    Plaintiff Camacho ultimately dismissed his claims, too, on January 27, 2026, after the parties Court-ordered in-person meet and confer on January 23, 2026. ECF 120.

30.    The next set of Plaintiffs to dismiss their claims did so on the eve of their depositions. The parties scheduled Plaintiff Unley's deposition for March 6, 2026. *See* **Exhibit J**.

31.    On March 5, the day before Plaintiff Unley's scheduled deposition, Plaintiff's counsel called Target's counsel to advise that Plaintiff's counsel had been unable to reach Ms. Unley for at least the week prior and could not confirm her appearance for her deposition. *Id*. Target's counsel requested a new confirmed date by Monday, March 9. *Id*.

32.    On March 9, however, Plaintiff's counsel asked for more time, stating that counsel was going to try "a couple more avenues" "to try to reestablish contact with" Ms. Unley. *See* **Exhibit J**., Ms. Unley dropped her claims shortly thereafter. *See* ECF 142.

33.    Plaintiff's counsel also caused significant delay in disclosing that Plaintiff Hodges presented serious health conditions, which precluded her abilities to sit for a deposition.

34.    Ms. Hodges' deposition was confirmed to occur on March 3, 2026. However, counsel waited until the week before her noticed deposition to disclose these health conditions, at which time he provided a doctor's note suggesting significant accommodations must be made. *See* **Exhibit L**. *See also* **Exhibit M**.

35.    Her conditions were serious enough that her counsel should have known well before the week before her confirmed deposition, and certainly should have known when Target first requested deposition dates in August and September 2025, and when they filed the Complaint against Target in August 2023.

36.    Despite this last-minute revelation, Target proposed alternatives to ensure that Ms. Hodges could be deposed consistent with her doctor's note. *See id.*  After that, Ms. Hodges dismissed her claims.

37.    Although Plaintiff Boyd was deposed in this case, she similarly dismissed her claims after Target requested additional information about her claims, including issues related to her compliance with discovery preservation obligations that Target learned during her deposition, and corroborating evidence of her purchase where no records existed. *See* **Exhibit N**.

I declare under penalty of perjury that the foregoing is true and correct.

8

**DATED**: April 20, 2026                 */s/ Ana Tagvoryan*
                                          Ana Tagvoryan