# EXHIBIT I

| | |
|---|---|
| **From:** | Carter, Melanie S. |
| **Sent:** | Thursday, January 8, 2026 6:57 PM |
| **To:** | MND Foster Chambers |
| **Cc:** | Tagvoryan, Ana; Steele, Fiona; Steele, Fiona; Graves, Erica R.; Faris A. Rashid; Brian Gudmundson; Rachel K. Tack; Chris Jennings; Tyler Ewigleben; Jason Earley; Joe Lyon; Kevin Cox |
| **Subject:** | Boyd et al. v. Target Corp. 23-cv-02668-KMM-DJF \| Defendant Target's Description of Discovery Dispute |

Dear Judge Foster and Chambers:

As instructed by the Court, Defendant Target writes to respectfully request a Court conference on a handful of discrete discovery disputes that the parties have not been able to resolve through the meet and confer process. For the Court's reference, the parties' last meet and confer on the below issues (and others) was on December 18, 2025. We have not heard back from Plaintiffs' counsel on these outstanding issues (and many others), despite having followed up by email.

1. **Plaintiff Camacho**. Mr. Camacho has not produced any responsive documents, other than a copy of his attorney engagement letter. As submitted in the parties' 10.21.25 joint letter ("Joint Letter") to the Court and memorialized in the parties' 10.21.25 joint stipulation for Plaintiffs' Supplemental Discovery Responses ("Joint Stipulation"), Plaintiff Camacho agreed to produce documents "starting on November 3, 2025 and ending on or before November 7, 2025." We have not received production of any responsive documents from Mr. Camacho other than the engagement letter, despite Plaintiffs' counsel's representations in the Joint Letter and Joint Stipulation. At first we were informed that Mr. Camacho had "technical difficulties" with retrieving his purchase records, and at our latest meet and confer we were informed that Mr. Camacho has a "personal situation" (not "technical difficulties") impacting his abilities to produce documents. We have asked Plaintiffs' counsel for insight into Mr. Camacho's personal situation and have not received any. Absent other information or response from counsel, we request a date certain by when Mr. Camacho will produce documents, as he certainly has not complied with the November 18 substantial completion date, or the representation made to the Court in the Joint Letter and Joint Stipulation.

2. **Plaintiff Deflorio**. Ms. Deflorio has not provided sufficient responses to Interrogatory 1 and Request for Production ("RFP") 12, despite representations made in the Joint Letter and Joint Stipulation to provide complete supplemental responses.

   1. Interrogatory 1 asks for an identification of the date of purchase of the alleged product, the price paid, and the Target location. Ms. Deflorio has not provided a date of purchase (not even by month/year), and she is the only remaining Plaintiff to have failed to do so (this information is also absent from the Complaint). Ms. Deflorio also has verified that her response "is complete based on information available to Plaintiff." Target cannot adequately defend itself against Ms. Deflorio's claims without a date of purchase and seeks the Court's guidance.

   2. Ms. Deflorio's production in response to RFP 12 (requesting pictures of payment card used to purchase the product) is deficient because Ms. Deflorio's 11.3.25 supplemental response to RFP 12 states that "after reasonable inquiry Plaintiff does not recall or know the method she used to purchase the Products and has no documents to produce," yet her 11.3.25 verified supplemental response to Interrogatory 2 states that "after reasonable

1

inquiry and to the best of her knowledge, she used her Target Red Card to purchase the Product(s)." Target is entitled to a production of a copy of Ms. Deflorio's Target Red Card and confirmation that the statements do not reflect purchase of the products at issue.

3. **Plaintiff Unley.** Ms. Unley has not supplemented her written discovery responses or provided a verification to her interrogatories, despite the representations made in the Joint Letter and Joint Stipulation, and most of her document production (which comprises 107 pages) is not legible.

   1. Ms. Unley did not supplement her discovery responses in early November, when all other Plaintiffs provided supplemental responses. She also never provided a verification to her interrogatories. When Plaintiffs' counsel served the other Plaintiffs' 11.3.25 Supplemental Productions, counsel stated "You will note that supplemental written responses are not present for Ms. Unley. Ms. Unley was due to give birth at the end of October. We are providing a supplemental document production from her but await verification of her supplemental written responses." While Target is understanding about the initial delay, Target asks for a date certain by when Ms. Unley will serve supplemental written discovery responses and verify her interrogatory responses.

   2. Regarding Ms. Unley's document production, in our latest meet and confer we shared our screen with Plaintiffs' counsel to confirm that we cannot read the documents that she has produced related to her purchases. Target asks that Ms. Unley reproduce her documents so that they are legible.

Target respectfully requests a Court conference on these issues, and appreciates the Court's time and consideration.

Respectfully submitted,
Melanie Carter


**Melanie S. Carter** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
+1.215.569.5720 | melanie.carter@blankrome.com | bio