# EXHIBIT N

**From:** Carter, Melanie S.
**Sent:** Wednesday, March 11, 2026 7:21 PM
**To:** 'Brian Gudmundson'; 'Rachel K. Tack'; 'Benjamin Cooper'; 'Chris Jennings'; 'Jason Earley'; 'Tyler Ewigleben'; 'Joseph Lyon'; 'Kevin Cox'
**Cc:** Tagvoryan, Ana; Gopal, Serena; Steele, Fiona; 'Faris A. Rashid'
**Subject:** Boyd, et al. v. Target, Case No. 23-cv-02668-KMM-DJF

Counsel:

We write to inform you that, on behalf of Target, we intend to seek a discovery motion hearing date regarding issues related to Plaintiff Boyd's discovery (*see, e.g.*, email on 2/13 outlining several issues and Target's requests of Ms. Boyd). Target does not believe IDR will resolve these issues. As you are aware, the parties have been meeting and conferring on discovery issues related to Ms. Boyd for months, including already having had an informal discovery conference related to Ms. Boyd after which Plaintiffs agreed to supplement her discovery responses. Issues have remained, and those issues have become even more glaring in light of Ms. Boyd's deposition testimony in January. As we have stated to you, at her deposition Ms. Boyd doubted the accuracy of her own records that she produced from her Target account, and she doubted the accuracy of Target's purchase records (despite confirming that the associated contact information was hers). These are but a few examples of what we have already highlighted to you. We raised these issues again to you on 2/20, and in response you stated that you were unprepared to discuss them (due to a death in Ms. Boyd's family).

We received discovery correspondence from you on 2/26. In that letter, you made unverified representations about Ms. Boyd's efforts to search for documents, while also stating that you had "not addressed the issues [Target] identified over the last week and a half with her" because, as you indicated in that letter, you had not been "able to connect with her." *See* February 26, 2026 Ltr. ("We will update you once we are able to connect with her."). Your unverified representations about Ms. Boyd's conduct are insufficient – The last time you provided unverified "complete" representations about Ms. Boyd and her discovery responses (in a December 12, 2025 email), we learned those representations were incomplete.

We are sympathetic to Ms. Boyd's loss of her sister (which we presume occurred during the week of 2/16), but she is a party in this litigation and must participate in this case if she is choosing to pursue her claims against Target. As stated in our 2/13 email to you, we ask that:

1. Ms. Boyd personally conduct a reasonable search for all responsive materials, including all email accounts associated with her Target retail account(s) and any other locations reasonably likely to contain receipts, purchase confirmations, or related communications.
2. Ms. Boyd serve complete, corrected, and personally hand-signed supplemental interrogatory answers that she has personally reviewed and verified, with corrections to her prior responses.
3. Ms. Boyd provide a declaration describing the search efforts she has undertaken to date and any practices she has followed regarding the deletion of emails or other records. Ms. Boyd should identify how far back her email records extend and explain why earlier emails were not preserved.
4. Ms. Boyd produce her credit card statements for the credit cards identified in her productions so Target can confirm whether the purchases identified in her productions appear there.

1

We also ask that Ms. Boyd provide the last known contact information for Ms. Boyd's friend, Latonya Nelson, with whom she was shopping when she allegedly purchased the relevant product, as described in Ms. Boyd's testimony.

Furthermore, we ask that Ms. Boyd provide a privilege log identifying all dates of communications with counsel prior to the filing of the Complaint, including the date of the submission of the online form in response to the attorney advertisement.

We ask for this requested information by COB Friday, March 20.

As stated above, Target does not believe an informal status conference or IDR will be productive on this issue, and Target will not consent to IDR for these issues regarding Ms. Boyd. Please provide Ms. Boyd's position by COB Friday, March 13, on whether Ms. Boyd will provide Target the requested information by COB Friday, March 20. If Ms. Boyd is unable to do so, Target will contact the Court for a hearing date for motion practice on Monday, March 16.

Melanie

**Melanie S. Carter** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
+1.215.569.5720 | melanie.carter@blankrome.com | bio

2