# EXHIBIT L

**From:** Tagvoryan, Ana
**Sent:** Wednesday, March 4, 2026 7:59 PM
**To:** Jason Earley
**Cc:** Carter, Melanie S.; Faris A. Rashid; Gopal, Serena
**Subject:** Re: Diesha Hodges

Jason, okay. We will forward a stipulation re dismissal.

\- Ana

On Mar 4, 2026, at 4:53 PM, Jason Earley <jason@jefirm.com> wrote:

Ana, after working with Ms. Hodges this week, it appears her health conditions are going to prevent her from moving forward with her case. There will not be a need to schedule her deposition.

On Wed, Mar 4, 2026 at 12:45 PM Tagvoryan, Ana <ana.tagvoryan@blankrome.com> wrote:

Hi Jason, following up on this one.

\- Ana

On Mar 2, 2026, at 3:00 PM, Tagvoryan, Ana <ana.tagvoryan@blankrome.com> wrote:

Jason, can you send us two consecutive days the week of March 16 so we can secure the location and travel plans asap and let us know how long of a break every two hours Plaintiff is requesting?

Thank you,

**Ana Tagvoryan** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
direct: +1.424.239.3465 | mobile: +1.310.467.3909
ana.tagvoryan@blankrome.com | bio

**From:** Jason Earley <jason@jefirm.com>
**Sent:** Monday, March 2, 2026 10:10 AM
**To:** Tagvoryan, Ana <ana.tagvoryan@blankrome.com>
**Cc:** Carter, Melanie S. <melanie.carter@blankrome.com>; Faris A. Rashid <frashid@greeneespel.com>; Gopal, Serena <serena.gopal@blankrome.com>
**Subject:** Re: Diesha Hodges

It sounds like we are going have an in person deposition regardless now. I think we can probably work out the details of that.

About next week, I have a family event out of state next week I have to attend and can't make it to California. Could we look at the following week for the deposition?

On Sat, Feb 28, 2026 at 3:04 PM Jason Earley <jason@jefirm.com> wrote:

> I hear that. Let me think about what we can do.
>
> On Sat, Feb 28, 2026 at 1:42 PM Tagvoryan, Ana <ana.tagvoryan@blankrome.com> wrote:
>
> > I prefer to do it in person in one day- two max. But even if over multiple days, I do not want any opening for or risk of any argument along the lines of: [redacted].
> >
> > **Ana Tagvoryan** | BLANKROME
> > 2029 Century Park East | 6th Floor | Los Angeles, CA 90067
> > direct: +1.424.239.3465 | mobile: +1.310.467.3909
> > ana.tagvoryan@blankrome.com | bio
> >
> > **From:** Jason Earley <jason@jefirm.com>
> > **Sent:** Saturday, February 28, 2026 11:30 AM
> > **To:** Tagvoryan, Ana <ana.tagvoryan@blankrome.com>
> > **Cc:** Carter, Melanie S. <melanie.carter@blankrome.com>; Faris A. Rashid

<frashid@greeneespel.com>; Gopal, Serena <serena.gopal@blankrome.com>
**Subject:** Re: Diesha Hodges

I'm not following the logic of the in person aspect of a deposition over multiple days. Why do you want to do that?

On Sat, Feb 28, 2026 at 1:07 PM Tagvoryan, Ana <ana.tagvoryan@blankrome.com> wrote:

> Jason,
>
> We are in receipt of your email dated February 26, 2026, forwarding the February 25, 2026 letter from Dr. Jordan Yoder regarding your client, Ms. Dieisha Hodges-Wade, and proposing to split her deposition across multiple days. We write to express our serious concerns regarding both the proposed accommodations and the broader implications of the medical limitations disclosed in Dr. Yoder's letter.
>
> As an initial matter, the doctor's note does not support the position you have taken regarding the deposition schedule. Dr. Yoder's letter states that Ms. Hodges-Wade's [redacted] This language expressly contemplates flexibility—"when possible"—rather than an absolute medical prohibition [redacted]. The doctor does not prescribe that Ms. Hodges-Wade [redacted]; rather, the note is precatory in nature and leaves room for reasonable accommodation short of a multi-day deposition. Accordingly, we reject the proposal to conduct the deposition in two-hour sessions spread across four separate days. Instead, we propose that Ms. Hodges-Wade's deposition proceed in person, with thirty-minute breaks scheduled every two hours. This accommodation is consistent with the spirit of Dr. Yoder's recommendations while permitting the deposition to be completed in a reasonable and efficient manner.
>
> We are also deeply troubled by the timing of this disclosure. Ms. Hodges-Wade's deposition has been scheduled for some time (indeed, it was first noticed several months ago), yet Defendant was only informed of her medical condition on February 26, 2026—mere days before the

scheduled deposition date. This last-minute revelation is highly prejudicial to Defendant.

Based on the current circumstances, Defendant is forced once again to incur substantial costs in this case, including possibly arranging for a court reporter over multiple days, shifting counsel's schedules to account for a multiple-day deposition, and reserving hotel accommodations for in person depositions. Had Plaintiff disclosed her medical limitations earlier, Defendant could have planned accordingly and avoided unnecessary expense. Plaintiff's failure to timely disclose a medical condition that materially affects her ability to be deposed—a condition that was apparently known to Plaintiff and her physician well before this disclosure—is very troubling, and one of many instances now of forcing Defendant to incur substantial cost in defending this lawsuit against claims that lack even the most basic foundation of proof of purchase.

Moreover, the suggestion that this deposition be conducted via Zoom, split over four separate days, would impose additional burdens and inefficiencies on Defendant's counsel. The fragmented nature of such a deposition undermines the ability to conduct an effective examination and would require counsel to repeatedly travel or adjust schedules over multiple days.

In light of the foregoing, Defendant requests the following:

1. **In-Person Deposition with Reasonable Breaks.** Ms. Hodges-Wade's deposition shall proceed in person, not via Zoom. We will accommodate her medical needs by providing thirty-minute breaks every two hours. This approach is consistent with Dr. Yoder's recommendation [redacted] while allowing the deposition to proceed efficiently. We request this deposition take place as soon as possible in Oakland, the week of March 9th.
2. **Cost Shifting.** Should Plaintiff insist on multiple days of depositions, and assuming Defendant's schedule permits and Defendant agrees, Plaintiff shall bear the costs of the days following the first day of deposition, including court reporter fees and hotel accommodations. The deposition will still proceed in person.

We request your response to the foregoing no later than COB on Monday, March 2nd.

Very truly yours,

**Ana Tagvoryan** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
direct: +1.424.239.3465 | mobile: +1.310.467.3909
ana.tagvoryan@blankrome.com | bio

---

**From:** Jason Earley <jason@jefirm.com>
**Sent:** Saturday, February 28, 2026 7:32 AM
**To:** Tagvoryan, Ana <ana.tagvoryan@blankrome.com>
**Subject:** Re: Diesha Hodges

Just checking back on this. I know it's incumbent on me to file something to alter the rules if we can't agree on a procedure. No problem if you want me to go that route.

On Thu, Feb 26, 2026 at 6:30 PM Jason Earley <jason@jefirm.com> wrote:

> Received this from my client's physician. I think I'm going to have to take the position we need to split this up into two hour sessions per day until the 7 hours expire or Target finishes. So four days if you need all 7 hours. It's not ideal, but I have to protect my client.
>
> I know you won't like that idea at first, but give it some thought. It's a serious health issue and splitting a Zoom deposition up over a few days won't really affect questioning. Also, from your standpoint, if you get good testimony after the two hour period ends, the doctor has already warned us about [redacted]. So I don't think you really want answers that come after [redacted]. Those answers are not very useful to you.

Think it over and call me tomorrow so we can discuss.

--




*********************************************************************
************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*********************************************************************
************************************