**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Harmony Deflorio,                                    Case No. 23-cv-2668 (KMM/DJF)

    Plaintiff,

v.                                                                          **ORDER**

Target Corp.,

    Defendant.

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 184) filed in connection with documents related to Plaintiff's Motion for Leave to File the First Amended Complaint (ECF No. 157) ("Motion to Amend"). The Court denied Plaintiff's Motion to Amend (ECF No. 157) on the record during the motion hearing on April 27, 2026 (ECF No. 175). The parties agree that the exhibits filed at ECF Nos. 162, 162-1, 162-2, 162-3, 162-4, 167, 169, and 171 ("Sealed Exhibits") and the memorandum filed at ECF No. 164 ("Memorandum") should remain sealed because they contain confidential business information, private individually identifiable contact information, and/or sensitive medical information. (ECF No. 184 at 2-4; ECF No. 180.)

## I. Legal Standard

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by

1

maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

## II.     Analysis

The Sealed Exhibits did not play a material role in the exercise of Article III power or any dipositive motion in this case. The parties' interests in confidentiality thus are afforded greater deference, and a countervailing reason is all that is necessary to overcome the prediction of public access. *IDT Corp.*, 709 F.3d at 1224. Though the Memorandum (ECF No. 164) also played no role in the exercise of Article III power the Court scrutinizes the sealing of legal briefs more carefully, because limiting public access to legal argument, even on non-dispositive issues, has the potential to impede the development of the law. In this case, however, Defendant publicly filed a version of the Memorandum with very minimal redactions to remove sensitive information, thus minimizing this concern. (ECF No. 165.)

The parties agree that the documents filed at ECF No. 162, 162-1, 162-2, 162-3, 162-4, 164, 167, 169, and 171 should remain sealed because they contain unspecified confidential business information, private individually identifiable contact information, and/or sensitive medical information.  (ECF No. 184 at 2-4.)  The parties further argue the documents filed at ECF Nos. 162, 162-1, 162-2, 162-3, 162-4, 164, and 167 are sealed because they are "designated as confidential" by either Defendant or Plaintiff.  (*Id*. at 2-3).

A party's designation of a document as "confidential" in discovery is not dispositive of whether it should be sealed upon filing in the Court's docket, which is presumptively open to the public.  The Court accordingly rejects this rational for sealing the documents.  But having carefully reviewed each of the Sealed Exhibits and the redactions in the Memorandum, the Court finds continued sealing is appropriate because each contains confidential business information, private individually identifiable contract information, or sensitive medical information.  The parties thus have a legitimate interest in maintaining confidentially that outweighs any public interest in the right to access them.  *See Mayo Found. for Medical Educ. and Research v. Knowledge to Practice, Inc.*, No. 21-cv-1039 (SRN/TNL), 2022 WL 9870560, at *2 (D. Minn. Oct. 17, 2022) (granting motion for continued sealing when documents "contain[ed] proprietary information not publicly available that is competitively sensitive and central to [parties'] business"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing for the redaction of "sensitive  personal information").

The Court thus finds that the parties' legitimate interests in maintaining confidentiality as to these documents constitute compelling reasons for sealing, and *a fortiori* adequate countervailing reasons, which outweigh any public interest in unsealing them.[1]

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. 184) is **GRANTED** as follows:

1.  The Clerk of Court is directed to keep the documents filed at ECF Nos. 162, 162-1, 162-2, 162-3, 162-4, 164, 167, 169, and 171 under seal.

Dated: June 29, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

---

[1] Though the Court finds the documents should be kept under seal at this time, this ruling has no intended preclusive effect on how the District Judge might handle the same documents and the information they contain in deciding any dispositive motions or at trial.